UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ARIEL TORRES,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.<br><br>Defendants. | 1:24-cv-00731-KES-SAB<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RELIEF FROM PAGE LIMITS<br><br>(ECF No. 35, 36) |

On September 13, 2024, Plaintiff filed a first amended complaint. (ECF No. 28.) On September 27, 2024, Defendant Monica Narvaiz filed an answer. (ECF No. 32.) On September 27, 2024, Defendants Elizabeth Beltran, Frederick Beyerlein, Connie Gipson, Kevin Hixon, Jeffrey Macomber, Ulises Ojeda, Diane Toche, and Bianca Truong ("Moving Defendants") filed a motion to dismiss. (ECF No. 33.) Plaintiff's opposition is due on October 11, 2024. L.R. 230(c).

On October 9, 2024, Plaintiff filed a motion for administrative relief for leave to exceed the twenty-five page limit in his opposition to the Moving Defendants' motion to dismiss by an additional 15-16 pages. (ECF No. 35.) Plaintiff proffers the extension of the page limit is warranted due to the procedurally complicated claims, myriad of questions of law, and requested dismissal of six defendants.

On October 10, 2024, the Moving Defendants filed a "non-opposition" to Plaintiff's

1  motion for administrative relief. (ECF No. 36.) However, the response states the "non-
2  opposition" is contingent upon a limitation to a six page extension. Moving Defendants also
3  attach emails from Plaintiff, dated October 10, 2024 at 8:00 a.m.—after Plaintiff filed its
4  motion—showing that Plaintiff now only requests leave to exceed the twenty-five page limit by
5  six pages. Plaintiff also offers to stipulate to a reciprocal page extension to the Moving
6  Defendants' response. Moving Defendants do not request a reciprocal page limit extension in
7  their "non-opposition."

8  It is the Court's understanding that Plaintiff's requested relief has morphed from a motion
9  for leave to file a 40-41 page opposition to a procedurally deficient stipulation to file a 31-page
10 opposition. Moving Defendants' "non-opposition" also contains what appears to be an agreement
11 to a reciprocal six-page extension to the reply brief.

12 Defendant Narvaiz, who has filed an answer to the first amended complaint has not filed
13 an opposition or statement of support of the instant motion; however, the deadline to do so is
14 October 15, 2024, after Plaintiff's deadline to file the opposition to the motion to dismiss. L.R.
15 233(b). The Court finds an opposition or statement of support by Narvaiz would not aid the
16 Court's determination of the instant motion.

17 Given the Court's understanding that Plaintiff and the Moving Defendants have mutually
18 agreed to a six-page extension to their opposition and reply briefs, the Court finds good cause to
19 grant Plaintiff's motion for administrative relief in part.

20 For the fourth time, the Court strongly encourages the parties to file a stipulation where
21 they have agreed to the request submitted. (See ECF Nos. 20, 26, 27.) Where a stipulation
22 cannot be obtained, parties may file a motion for administrative relief pursuant to Local Rule 233.
23 However, the parties are reminded that a motion for administrative relief <u>requires</u> that the Court
24 afford any non-moving party <u>five days</u> to file an opposition or supporting statement. L.R. 233(b).
25 All parties—not just those affected—are afforded the opportunity to file an opposition. As is the
26 case here, a party filing a motion for administrative relief that relates to a deadline that is set to
27 occur in fewer than six days risks a Court's order on the motion issuing after the deadline.
28 Alternatively, a properly filed application to shorten time accompanying a properly filed motion

pursuant to Local Rule 230 may be entertained by the Court. <u>See</u> L.R. 144. Future motions requesting expedited relief without a corresponding application to shorten time (L.R. 144(e)) will be met with a bias towards denial.

Accordingly, pursuant to the agreement of the parties, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for administrative relief to exceed the page limit (ECF No. 35) is GRANTED IN PART;
2. Plaintiff is granted leave to file an opposition to the Moving Defendants' motion to dismiss that does not exceed 31 pages; and
3. Moving Defendants are granted leave to file a reply brief that does not exceed 21 pages.

IT IS SO ORDERED.

Dated: **October 10, 2024**

UNITED STATES MAGISTRATE JUDGE