# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ARIEL TORRES, *deceased, by and through Albertano Torres (Father) as successor in interest, and individually,*<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:24-cv-00731-KES-SAB<br><br>ORDER REGARDING STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 55) |

## STIPULATED PROTECTIVE ORDER

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential or private information (including disciplinary records) for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rules

140 and 141 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

This action is likely to involve personnel records and health information records for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of, among other things, personnel records of Parties employed by the California Department of Corrections and Rehabilitation (CDCR), and health care information of a Non-Party that is generally unavailable to the public, and which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.    DEFINITIONS**

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "<u>CONFIDENTIAL</u>" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.4    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or way it is generated, stored, or maintained (including, among other things, testimony,

transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery (including subpoenas to any Non-Party) in this matter.

2.5    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.6    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.7    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel of record (and their support staffs).

2.8    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.9    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.10    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.11    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also

must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1  <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

1  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

2  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

3  challenge a confidentiality designation by electing not to mount a challenge promptly after the

4  original designation is disclosed.

5      6.2    <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution

6  process by providing written notice of each designation it is challenging and describing the basis

7  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

8  notice must recite that the challenge to confidentiality is being made in accordance with this

9  specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in

10  good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other

11  forms of communication are not sufficient) within 14 days of the date of service of notice. In

12  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

13  designation was not proper and must give the Designating Party an opportunity to review the

14  designated material, to reconsider the circumstances, and, if no change in designation is offered,

15  to explain the basis for the chosen designation. A Challenging Party may proceed to the next

16  stage of the challenge process only if it has engaged in this meet and confer process first or

17  establishes that the Designating Party is unwilling to participate in the meet and confer process in

18  a timely manner.

19      6.3    <u>Judicial Intervention.</u> If the Parties cannot resolve a challenge without court

20  intervention, the Designating Party shall file and serve a motion to retain confidentiality within

21  21 days of the initial notice of challenge or within 14 days of agreeing that the met and confer

22  process will not resolve their dispute, whichever is earlier. Each such motion must be

23  accompanied by a competent declaration affirming that the movant has complied with the meet

24  and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

25  make such a motion including the required declaration within 21 days (or 14 days, if applicable)

26  shall automatically waive the confidentiality designation for each challenged designation. In

27  addition, the Challenging Party may file a motion challenging a confidentiality designation at

28  any time if there is good cause for doing so, including a challenge to the designation of a

deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Except as otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's counsel of record in this action, or their employees to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the Parties themselves;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) Each person described in paragraphs 2(c) and (e), above, to whom disclosure of confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such confidential material a copy of this Order and shall agree on the record or in writing that they have read the Order, understand it, and agree to be bound by its provisions. Such persons must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to the enforcement of the Order, including, without limitation, any proceeding for contempt.

7.3.    Use of Protected Information

(a)    All confidential material shall be used solely in connection with the above-captioned action and not for any other purpose, including other litigation, without agreement between the parties and order of the Court, except that personal information of the deceased, Ariel Torres, may be used without limitations with the consent of the deceased's representative.

(b)    Without written permission from all parties, a party may not file in the public record in this action any confidential material. A party that seeks to file under seal any confidential material must comply with Local Rule 141 (b). Confidential material may only be

filed under seal pursuant to a court order authorizing the sealing of the specific material at issue. Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

(c)     Nothing in this Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to personal or security information to which they have access in the normal course of their official duties.

**8.     PROTECTED MATERIAL SOUGHT IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     APPLICATION TO NON-PARTIES**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

/ / /

**11.    INADVERTENT PRODUCTION OF PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rules 140 and 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

1    **13.    FINAL DISPOSITION**

2        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

3    Receiving Party must return all Protected Material to the Producing Party or destroy such

4    material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

5    compilations, summaries, and any other format reproducing or capturing any of the Protected

6    Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

7    submit a written certification to the Producing Party (and, if not the same person or entity, to the

8    Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

9    the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

10   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

11   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

12   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

13   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

14   product, and consultant and expert work product, even if such materials contain Protected

15   Material. Any such archival copies that contain or constitute Protected Material remain subject to

16   this Protective Order as set forth in Section 4 (DURATION).

17

18

19

20

21

22

23

24

25

26

27

28

1  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**:

2  DATED:   Nov. 21, 2025        ZAVALA LAW GROUP and ZISSER LAW OFFICE

3
                                       By:   /s/ *Aaron Zisser*
4                                            Aaron Zisser, Esq.

5                                            /s/ *Salomon Zavala*
                                             Salomon Zavala, Esq.
6
                                       Attorneys for Plaintiffs Estate of Ariel Torres and
7                                      Albertano Torres

8  DATED:   Nov. 19, 2025        CALIFORNIA DEPARTMENT OF JUSTICE
9

10                                     By:   /s/*Corinna Arbiter*
                                             Corinna Arbiter
11
                                       Attorney for Defendants Hixon, Macomber, Toche,
12                                     Beltran, Truong, Gipson , Beyerlein, Ojeda, and
                                       California Department of Corrections and
13                                     Rehabilitation

14 DATED:   Nov. 21, 2025        ANGELO, KILDAY & KILDUFF, LLP
15

16                                     By:   /s/ *Derick E. Konz*
                                             Derick E. Konz, Esq.
17                                           Attorney for M. Narvaiz

18

19

20

21

22

23

24

25

26

27

28

13

1

**EXHIBIT A**

2

CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

3

I hereby acknowledge that I, _____[NAME],

4

_____ [POSITION AND EMPLOYER], am

5

about to receive Confidential Materials supplied in connection with the case captioned as *The*

6

*Estate of Ariel Torres, et al., v. California Department of Corrections And Rehabilitation, et al*,

7

Case No. 1:24-cv-00731 (Proceeding). I certify that I understand that the Confidential Materials

8

are provided to me subject to the terms and restrictions of the Stipulation and Protective Order

9

filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have

10

read it, and I agree to be bound by its terms. I understand that Confidential Materials, as defined

11

in the Stipulation and Protective Order, including any notes or other records that may be made

12

regarding any such materials, shall not be disclosed to anyone except as expressly permitted by

13

the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of

14

this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except

15

as provided therein or otherwise ordered by the Court in the Proceeding. I further understand

16

that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a

17

secure manner, and that all copies of such Materials are to remain in my personal custody until

18

termination of my participation in this Proceeding, whereupon the copies of such Materials will

19

be returned to counsel who provided me with such Materials.

20

I declare under penalty of perjury, under the laws of the State of California, that the

21

foregoing is true and correct. Executed this _____ day of _____, 20__, at

22

_____.

23

DATED:_____       BY: _____

24

Signature

25

26

27

28

14

**COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED that:

1.    The above stipulated protective order is ENTERED;

2.    The provisions of the parties' stipulation and this protective order shall remain in effect until further order of the Court;

3.    The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

4.    The party making a request to file documents under seal shall be required to show either good cause or compelling reasons to seal the documents, depending on the type of filing, Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016);

5.    If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the Court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made; and

6.    Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:   **November 24, 2025**                             

STANLEY A. BOONE
United States Magistrate Judge